Filed 3/3/15  Salazar v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| IBIS SALAZAR, | |
| Petitioner, | E062264 |
| v. | (Super.Ct.No. RIC1409844) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John W. Vineyard, Judge.  Petition granted.

La Cues Law Group, Jerry La Cues and Brett La Cues, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest

1

The law being clear and no response having been received from respondent and/or real party in interest, the petition is granted.

## DISCUSSION

Although criminal contempt is available as a remedy where such conduct tends to impede, embarrass, or obstruct the court (*In re Nolan W.* (2009) 45 Cal.4th 1217), the facts of contempt must be clearly established and may not be determined with the aid of information not in the record. (*Boysaw v. Superior Court* (2000) 23 Cal.4th 215; *In re Littlefield* (1993) 5 Cal.4th 122.)

Here, the witness's testimony was ambiguous and readily susceptible to the construction that it expressed confusion over the form of the question rather than a specific intent to frustrate the orders of the court. Even if another witness had made a similar response, there is nothing in the record to show that petitioner was aware of that response or the court's reaction to it. We also note that the trial court was careful to exonerate petitioner's counsel from any suspicion of coaching the witness into an improper response. It seems highly unlikely that the witness would have deliberately attempted on her own to frame a response that might suggest to the jury that other defects existed while trying to avoid an outright violation of the court's order.

Hence, we conclude that the evidence supports no more than a finding that the witness inadvertently gave a response that arguably violated the court's order. The harsh remedy of contempt was not available in these circumstances.

DISPOSITION

Let a peremptory writ issue, directing the Superior Court of Riverside County to vacate its order of contempt against petitioner.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

The previously ordered stay, having served its purpose, is LIFTED.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

We concur:


HOLLENHORST_____
          Acting P. J.


CODRINGTON_____
          J.

3